# Schlecht's Appeal.

1. On an appeal from an interlocutory decree granting an injunction and appointing a receiver, copies of the affidavits and testimony taken on the motion should be filed and accompany the record. The Supreme Court is to rehear and decide the case on the merits.

2. A will was admitted to probate and on appeal an issue was directed. The executors were also devisees and in possession. *Held* on these facts that a bill to restrain them from collecting rents and the appointment of a receiver, disclosed no equity.

3. The defendants as devisees had a primâ facie legal right to the lands, and being in possession, with or without color of title, an adverse claimant could not come into equity and obtain an injunction to turn them out.

4. An injunction and receiver are resorted to in any case only to preserve property *in statu quo* pending a contest.

[Schlecht's Appeal.]

5. When a mere legal right is in dispute, there being no privity between the claimants, and in the absence of fraud, equity will not interfere at the instance of a person claiming real property under a legal title to grant a receiver against parties in possession.

6. A decree granting an injunction and appointing a receiver is a unit:— the order appointing a receiver is itself an injunction.

January 7th 1869. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Philadelphia:* In Equity: No. 23, to January Term 1869.

This was a bill filed December 7th 1867, by John Q. A. Schlecht and William F. Schlecht, and such other of the children of John M. Schlecht deceased as shall come into the suit, against George W. Schlecht and William P. Schlecht.

The bill alleged, 1. That John M. Schlecht died on the 22d of December 1859, leaving a widow, Elizabeth and seven children, viz.: John Q. A. Schlecht one of the plaintiffs, Benjamin F. Schlecht (since deceased leaving a widow and minor child W. F. Schlecht the other plaintiff), Elizabeth Clark, Mary Ann Schlecht, Charles Schlecht and the defendants. 2. That the decedent died seised of a number of houses, amongst which was a house No. 430 Girard avenue. 3. That an alleged will of the decedent was presented for probate to the register December 27th 1869, and being contested, an issue was directed to the Court of Common Pleas to try the validity of such will, and the issue is still pending. 4. That notwithstanding the pendency of the issue, G. W. Schlecht and William P. Schlecht, the defendants claiming to act under letters testamentary, proceeded to collect the rents of the houses of the decedent until November 30th 1867, when they were dismissed from their trusts by the Orphans' Court. 5. That W. P. Schlecht, after such dismissal, demanded and received the rent of the house No. 430 Girard Avenue, and has demanded rents from tenants of other houses of the decedent. 6. That Charles Schlecht, alleging that the decedent died intestate, has commenced actions of ejectment for the real estate of the decedent. 7. That the plaintiffs are entitled to a portion of the rents of real estate of the decedent, and there is no one authorized to collect them, and they fear that the defendants will continue to demand and receive the rents as heretofore, which is contrary to equity. The plaintiffs prayed for a receiver to take possession of the said real estate, pay the rents to the parties entitled to the same, and take charge of the real estate until the further order of the court, and that the defendants be restrained from collecting, &c., the rents, or in any way intermeddling, &c., with the said real estate.

An injunction was granted and a receiver appointed. The defendants afterwards filed an answer, in which they admitted that the decedent left six children, but were ignorant as to the

[Schlecht's Appeal.]

seventh; they admitted the 2d paragraph of the bill; they admitted the allegations of the 3d paragraph, and that the will of the decedent was admitted to probate, and letters testamentary granted to them; they averred that by the will of the decedent, a large portion of the real estate of the decedent, specifying it and including No. 430 Girard Avenue, was devised to them; that the devises are subject to the dower of the decedent's widow, who is a lunatic, and by her committee has elected to take against the will. They admitted that they were dismissed as executors; that they had collected rents as devisees and not as executors; they admitted the 6th paragraph of the bill. They denied that the plaintiff had any interest in the premises devised to the defendants unless it be decided that the decedent died intestate, and that until then their title is indefeasible in a collateral proceeding; that the bill is defective in not making the devisees under the will and the committee of the widow parties. They attached to their answer the will of the decedent by which he devised his real estate (part of it subject to the interest of his wife) to G. W. Schlecht, William P. Schlecht, Mary Ann Schlecht and John Q. A. Schlecht. The defendants on the filing of their answer moved to dissolve the injunction and vacate the appointment of the receiver. The motion was overruled and the defendants appealed to the Supreme Court.

They assigned for error the granting the injunction and continuing the decree after the filing of the answer.

*D. W. Sellers* (with whom was *T. McFadden*), for appellants.— The probate of the will is binding in a collateral proceeding until reversed: Loy *v.* Kennedy, 1 W. & S. 396; Shinn *v.* Holmes, 1 Casey 142. The record admits that the appellants were in possession, which cannot be disturbed before an adjudication at law: Chicago Oil Co. *v.* U. S. Petroleum Co., 7 P. F. Smith 83; Funk *v.* Haldeman, 3 Id. 229; Railroad Co. *v.* Reno, Id. 224; Glidden *v.* Strupler, 2 Id. 400; Mammoth Coal Co.'s Appeal, 4 Id. 183. The record admits that the plaintiffs are at law, which is adequate for their legal relief: Reeves *v.* Cooper, 1 Beasley's Ch. (N. J.) 223, 498; 3 Daniel's Ch. Pr. 1726, note. The record admits that the defendants' acts are not in the nature of waste: Lloyd *v.* Passingham, 16 Vesey 70; Denny *v.* Brunson, 5 Casey 382; Witmer's Appeal, 9 Wright 455; Act of April 22d 1850, § 1, Pamph. L. 549, Purd. 1008, pl. 6. The appointment of the receiver being ancillary to the injunction was improper, as all the parties in interest were not parties: Story's Eq. Plead. Ch. 4, §§ 72, 238; Gravenstine's Appeal, 13 Wright 310.

*S. Hood,* for appellee, cited 1 Daniel Ch. Pr. 284–287; Story

[Schlecht's Appeal.]

Eq. Plead. §§ 94, 98, 104, 106, 121; 3 Daniel Ch. Pr. 1949, 1956, note 1, 1962–1964.

The opinion of the court was delivered, January 14th. 1869, by SHARSWOOD, J.—This is an appeal from an interlocutory order or decree granting a special injunction under the Act of Assembly of February 14th 1866, Pamph. L. 28.

The plaintiffs are two of the children of John M. Schlecht, who file this bill on behalf of themselves and the other heirs at law against the defendants, two other children. The defendants are specific devisees under a will of their father, which has been admitted to probate by the register, but from his decree there is an appeal pending in the Register's Court. The bill also avers that another child, not one of the plaintiffs, has instituted actions of ejectment for the several pieces of property devised by the will for the purpose of contesting it; and that the defendants, claiming as executors, proceeded to collect the rents, but have since been dismissed from their offices by the Orphans' Court. It also alleges that one of the defendants, since his dismissal, demanded and received the rent from one of the tenants occupying No. 430 Girard street, which it appears from the will, a copy of which is annexed, was devised to him specifically; and as there is no one authorized to receive the rents, it prays for an injunction and receiver. The bill was filed December 7th 1867, and on December 18th an injunction was granted and a receiver appointed. We have no copies of any affidavits or testimony taken on the motion, which is usual on such applications: Eden 231; Newland 218; and which certainly ought to be filed and accompany the record on an appeal, for the Act of Assembly evidently intends that this court shall rehear and decide the case on the merits. On the 4th of March 1868 the answer of the defendants came in, denying what seems to be the only possible equity of the bill, to wit, that they claimed to collect any of the rents as executors, but admitting that they did claim the rents of the property specifically devised to them, and of which they were in possession when the injunction was granted. On the same day a motion was made to dissolve the injunction and vacate the appointment of receiver, and on March 19th 1868 the motion was overruled.

It is impossible to sustain this proceeding in any aspect of the case. Dismissing the consideration of all formal objections, the bill discloses no equity to give the court jurisdiction. The defendants under the will and probate had a primâ facie legal right to the lands which were specifically devised to them, and of which they were in possession; but even if they had not, if they were in possession without color of title, that adverse legal claimants should come into a court of equity and obtain an injunction, preliminary or final, to turn them out of possession, is a proceeding entirely

[Schlecht's Appeal.]

unprecedented. The plaintiffs have a full and adequate remedy at law. They can recover possession by an action of ejectment, and the mesne profits either in that action or a separate action of trespass. . No authority has been adduced in support of such an arbitrary and unreasonable power in any court summarily to turn any man out of his house or farm and appoint a receiver to collect the rents. An injunction and receiver are resorted to in any case only to preserve property *in statu quo* pending a contest. For any waste the law has provided a remedy by estrepement, or an injunction may be obtained if preferred, but anything like an averment of waste is not to be found in this bill. In Carron *v.* Ferrier, 18 Law Times Rep. N. S. 806, it was decided that where a mere legal right is in dispute, there being no privity between the different claimants, no receiver will be appointed; and in Talbot *v.* Hope Scott, 4 Kay & Johns. Ch. Rep. 96, it was held to be too clear for any contention that in the absence of fraud, and when there is no privity between the parties, the court will not interfere at the instance of a person claiming real property under a legal title, to grant a receiver against parties in possession. "No one has ever dreamt," says the Vice-Chancellor Wood in that case, "of approaching this court, however heavy the litigation between the parties, for the purpose of obtaining a receiver until he had established his right at law to possession of the whole. The court cannot interfere with a legal title of any description unless there be some equity by which it can affect the conscience of the defendant."

It is contended that under the Act of Assembly we can only reverse the decree for an injunction, and cannot interfere with the order for the appointment of a receiver. But it is too clear for argument that the decree is a unit — the appointment of the receiver but ancillary of the injunction. Indeed, the order for the receiver is itself an injunction—it directs the tenants to attorn and pay the rents to him, giving him full authority to lease and manage the property. The appellees may well say, "let the injunction go—we are satisfied with the residue of the decree; for practically it is the same thing." We have no doubt of our power under the Act of Assembly to reverse the decree *in toto*, and accordingly so adjudge.

Decree reversed at the costs of the appellee.