Opinion delivered March 8, 1875, by
Pershing, P. J.
The affidavit of defence in this case alleges that the note in suit is one of several renewals of an accommodation note made by the maker (the defendant) for the benefit of the payee, by. whom it was indorsed to the plaintiff; and that the plaintiff, with the knowledge that the maker received no consideration from the payee, discounted the * original note and the renewals at a usurious rate of interest. Defendant avers that on this ground he is entitled to a credit on the note in suit of five hundred dollars and upwards.
In support of this as constituting a defence the case of Gaul v. Willis, 2 Casey, 259, has been cited. There the holder, who was the second indorsee, was allowed to recover from the maker of an accommodation note the entire amount according to its tenor, though the discount at each negotiation exceeded six per cent. It is said, however, by the court, that the plaintiff had no notice whatever of the purpose for which the note was made. Want of knowledge in that case is made to distinguish it from this one, where knowledge on the part of the plaintiff, that as between the maker and payee, the note was a mere accommodation, is distinctly alleged. Supposing the allegation to be proved, we do not think it would stand in the way of a recovery by the plaintiff. The bona fide sale of a note bound or other security, at a greater discount than would amount to legal interest, is not, per se, a loan, although the note may be indorsed by the seller, and he remains responsible; 9 Peters, 103; 6 Ohio St. R. 19. An action by an *69 indorsee against the maker cannot be defeated by showing that no consideration passed to the maker from the payee and indorser. It is sometimes said that such defence is good against the indorsee when he took the paper with notice of the want of consideration, or of any circumstances which would have avoided the note in the hands of the indorser. But the case of an accommodation note, whether made or indorsed for the benefit of tire party to whom the maker or indorser intends to lend his credit, is an exception to this rule. If A. makes a note to B. or his order, intending to lend B. his credit, and gives it to B. to raise money on, B. cannot sue A. on that note; but if he indorses it to C., who discounts the note in good faith, knowing it, however, to be an accommodation note, and without value consideration, C. can nevertheless recover the money from A. The maker may therefore have a defence against the payee which he cannot have against the indorsee who has knowledge of that defence. 1 Pars. Con. 215. In addition to the authorities cited by this author,.»we may refer to Moore v. Baird, 6 Casey, 138. That case decides that “the indorsee of an accommodation note may recover the whole amount of it from the maker, although he purchased it from the payee at a greater discount than six per cent.” And this is true, though the holder, at the time he purchased, knew that it was an accommodation note, and that there was no consideration between the maker and the payee. This case decides every question raised by the affidavit of defence before us. The subject is discussed at length in 2 Pears, on Con., 221 et seq., in the section on “sales of notes and other dioses in action.” See also Fulweiler v. Hughes, 5 *Harris, 440; Lord v. Ocean Bank, 8 H. 384. The maker of the note is called on in this action to do nothing more than he has promised. He has nothing to do with the fact that the holder of the note purchased it for a less sum than its face called for.
And now, March 8th, 1875. It is directed that the rule be made absolute, and that judgment be entered in favor of the plaintiff for want of a sufficient affidavit of defence.