Commonwealth *v.* Order of Vesta.    Kennedy's Appeals.

*Receivers—Appointment—Quo warranto.*

A receiver is not a common law officer, and no authority exists for his appointment in quo warranto proceedings, unless it can be found in express statutory provision.

*Corporations — Dissolution — Receivers—Supreme Court—Original jurisdiction—Constitution, Act of April 4, 1872.*

Under the act of April 4, 1872, P. L. 46, relating to dissolution of corporations, the regular and ordinary course of administration of the assets is by the officers of the corporation as trustees, and the power to supersede this mode by the special appointment of a receiver is in the Supreme Court, without regard to the court which rendered the judgment of ouster.

Not determined whether this power is an exercise of original jurisdiction which was taken away by the constitution of 1874.

*Jurisdiction—Common pleas—Receiver.*

A court of common pleas has no jurisdiction under the act of 1872 to appoint a receiver of a corporation, where none of the property of the corporation is in the county, where none of the officers are resident or

are served, and the application is made by the commonwealth and not by a creditor or stockholder.

On an application by the commonwealth for the appointment of a receiver of a corporation against which a judgment of ouster has been entered, jurisdiction will not be given to the common pleas by the filing of informal letters from stockholders, which contain no averments of fact upon which the court may act, and which are not sworn to.

*Statutes—Receivers—Jurisdiction—Act of April 26, 1893.*

The act of April 26, 1893, authorizing the appointment of receivers where corporations have been dissolved by judgment of ouster, does not apply to a case where the affairs of a corporation, after judgment of ouster, are at the date of the passage of the act in course of adjudication by a competent court.

The direction in the act that the receiver " shall be held to supersede an assignee of the corporation in possession," will not authorize the court appointing the receiver to make summary orders upon an assignee who is under the jurisdiction of another court.  The receiver must go into that court for an account and order to turn over the property by the assignee.

*Assignment for creditors—Employment of counsel.*

An assignee for the benefit of creditors is entitled to select his own counsel; and if other parties are not satisfied that their interests are being properly cared for, they must employ their own counsel.

Argued May 31, 1893.   Appeals, Nos. 7 and 36, May T., 1893, by Clarence Kennedy, assignee for benefit of creditors of the Order of Vesta, from order of C. P. Dauphin Co., Jan. T., 1893, No. 304, appointing receiver.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Quo warranto.

From the record it appeared that on Oct. 6, 1892, the Order of Vesta, a corporation created by decree of C. P. No. 2, Phila. Co., made a general assignment to Clarence Kennedy, for the benefit of creditors.   The assignment was duly recorded, and the assignee entered upon his duties.

On Nov. 15, 1892, the attorney general filed a suggestion for a writ of quo warranto.   A plea and answer was filed, and after argument a formal judgment of ouster was entered.   On Feb. 6, 1893, the attorney general moved the court for the appointment of a receiver, and on Feb. 23d, the court appointed as receiver the Commonwealth Guarantee Trust & Safe Deposit Co., of Harrisburg.   Two letters were filed of record, one by Charles Schmidt of Shermerville, Ill., the other by Thomas H. O'Connor

of Baltimore.   The writers of these letters objected to the appointment of Mr. Kennedy as receiver.   The letters were informal in character and not sworn to.

On April 26, 1893, the legislature passed the following act:

"An act providing for the appointment of a receiver in cases where corporations have been dissolved by judgment of ouster upon proceedings of quo warranto.

"Section 1. Whenever any corporation incorporated under the laws of this commonwealth shall be dissolved by judgment of ouster upon proceedings by quo warranto in any court of competent jurisdiction, the said court, or in vacation any one of the law judges thereof, shall have power to appoint a receiver, who shall have all the powers of a receiver appointed by a court of chancery to take possession of all the estate, both real and personal, thereof, and make distribution of the assets among the persons entitled to receive the same according to law.   The powers of such receiver may continue as long as the court deems necessary for said purposes, and he shall be held to supersede an assignee of the corporation in possession.

"Section 2. The provisions of this act shall also apply to any corporation that has been heretofore dissolved by judgment of ouster upon proceedings of quo warranto in any court of competent jurisdiction, the affairs of which have not been settled and adjusted."

On May 4th the deputy attorney general presented a petition setting forth the act of April 26, 1893, and praying for the reappointment of the receiver already appointed.   The court, SIMONTON, P. J., granted the prayer of the petition.

*Errors assigned* were, in No. 7, May T., 1893, in making the order of Feb. 23, 1893, appointing a receiver; in No. 36, May T., 1893, in making the order of May 4, 1893, reappointing a receiver already appointed.

*J. Howard Gendell* and *John G. Johnson* for appellant, cited: Trickett, Assignments, § 1; Dana v. Bank, 5 W. & S. 223; Cooper v. Curtis, 30 Me. 488; Stevens v. Hill, 29 Me. 133; Christian's Ap., 102 Pa. 184; Kerr on Receivers, 1; Story's Eq. Juris. §§ 829, 835; Schlecht's Ap., 60 Pa. 172; Emerson's Ap., 95 Pa. 258; Enterprise Transit Co.'s Ap., 9 W. N. 225;

Schwartz v. Keystone Oil Co., 153 Pa. 283; Angell & Ames, Corp., ch. 21, 22; High, Ex. Remedies, §§ 591, 609, 755; act of June 14, 1836, P. L. 621; Schlecht's Ap., 60 Pa. 172: Johnson's Ap., 103 Pa. 373; Story, Eq. § 835; Union Pass. Ry. Co.'s Ap., 81* Pa. 91; Ridge Ave. Pass. R. R. v. Phila., 124 Pa. 219; Phila. v. Ry., 142 Pa. 484; Phœnixville Road, 109 Pa. 44; Rogers v. Imp. Co., 109 Pa. 109; Phila. v. Fox, 64 Pa. 169; Plymouth v. Jackson, 15 Pa. 44; O'Hara v. Stack, 90 Pa. 477; Menges v. Dentler, 33 Pa. 495; Ervine's Ap., 16 Pa. 256; Shoenberger v. School Directors, 32 Pa. 34; Dale v. Medcalf, 9 Pa. 111; Ewing v. Thompson, 43 Pa. 373; Brown v. Hummel, 6 Pa. 86; Kerr on Receivers, 3, 4, 5, 6, 7, 8, 11, 12, 17; Oil Co. v. Petroleum Co., 57 Pa. 83.

*Jno. Hampton Barnes* and *M. E. Olmsted, Jas. A. Stranahan,* deputy attorney general, and *W. U. Hensel,* attorney general, with them, for appellee, cited: Act of April 4, 1873, § 8, P. L. 20; Bank of Penna. v. Com., 19 Pa. 144; Kilgore v. Magee, 85 Pa. 401; Mahoney Mut. Assessment Life Association v. Com., 14 W. N. 370.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

A receiver is not a common law officer and his functions have no relation to the title to the exercise of a franchise, which is the sole question raised upon the quo warranto. No authority existed, therefore, for the appointment in the present case, unless it can be found in express statutory provision.

This is claimed first by virtue of the act of April 4, 1872, P. L. 46. By the first section of that act whenever a corporation is dissolved by judgment of ouster on quo warranto in any court of competent jurisdiction, the property and assets pass to the officers of the corporation as trustees for the stockholders and creditors. By section second the Supreme Court or any judge thereof sitting at nisi prius, may, upon the petition of any stockholder or creditor, appoint a receiver who shall have all the powers of a receiver appointed by a court of chancery, to take possession and make distribution of the assets. Two things are entirely clear upon the face of this act, first that the regular and ordinary course of administration of the assets is by the officers of the corporation as trustees, and secondly that

the power to supersede this mode, by the special appointment of a receiver, is in the Supreme Court, without regard to the court which rendered the judgment of ouster. Whether this power is an exercise of original jurisdiction, which, as held by the court below, was taken away from the Supreme Court by the present constitution, or whether as argued by the appellant (citing Schlecht's Appeal, 60 Pa. 172) the appointment of a receiver and conferring on him the necessary powers, is so far in the nature of an injunction as to be within the excepted cases in sect. 3 of article 5, where a corporation is party defendant, we need not consider, for in neither case did the power devolve upon the court of Dauphin county. Under the act of 1872 the appointment of a receiver is no part of the proceedings in the quo warranto. It is not to be in the same court, nor by the same parties, but in the Supreme Court upon petition of a stockholder or creditor. The petition is substantially a bill in equity, and if it is original jurisdiction taken away from this court, then it devolved upon the court of common pleas having jurisdiction of the persons of the officers or of the property of the corporation. The court of Dauphin county had neither. None of the property was in that county, nor were any of the officers either resident or even served with process there. The court therefore had no jurisdiction over the defendant's trustees, or to make any order divesting the title of appellant. Its jurisdiction in regard to parties plaintiff was equally defective. The act gives the court authority to proceed upon petition of a creditor or stockholder. The commonwealth upon whose motion the receiver was appointed was neither. It had obtained the judgment for which it asked in the quo warranto, and its interest ended with the end of that proceeding. It is true that two letters were filed from parties claiming to be members of the Order of Vesta, which the court appears to have treated as petitions. But they had none of the necessary attributes for such purpose. They were mere informal letters from illiterate persons who clearly had no idea that they were making themselves parties plaintiff to a litigation, nor any such intent. The letters were not sworn to, and contained no averments of fact upon which the court could properly act, even if they had been set out in due form. Their entire insufficiency for any purpose is manifest upon consideration of the result of a contrary judg-

ment.   Had the court decided that no sufficient case was made for the appointment of a receiver, and dismissed these letters with costs against the writers, such a decree would not have borne a moment's examination.

It would seem as if the learned court below, impressed with the fact that the corporation defendant was claiming and exercising an unlawful and dangerous power, had sought a remedy though at the expense of some stretch of its jurisdiction. Even for so laudable a purpose however, this is not a safe mode of administering the law.

The attempt to sustain the appointment of a receiver under the laws relating to the Insurance Department is not made by the learned court in its opinion, and does not require discussion.   At the time of such appointment the court had no jurisdiction in any form to make it.

Subsequently to the appointment, the learned attorney general seeing the untenable ground upon which it rested, prepared, and the legislature, at his request, as is frankly admitted in his paper book, passed the act of April 26, 1893, and on motion the court reappointed the same receiver.   The passage of a general statute to affect a particular case, however desirable the remedy may be, and however proper the motives of its promoters, is nevertheless a delicate and dangerous kind of legislation. The attention of the draftsman being concentrated on the requirements of the special case, the proper safeguards of general legislation are necessarily in some danger of being overlooked. The objections made to the present act show that it has not been able to escape criticism in this particular.   Whether an act requiring a court to enlarge and continue for new purposes a suit which has ended, is not an invasion of the judicial power; whether for such new purposes new parties can be brought in, and their rights determined in a summary way, by a tribunal not having original jurisdiction over them or their property; and whether any court can be so far invested with a special jurisdiction as to authorize it to take parties or property out of the control of another court of co-ordinate powers, are grave constitutional questions which we are not obliged to consider now.   The application of the act to the present case depends on the second section, which extends its provisions to corporations previously dissolved, but " the affairs of which have not

been settled and adjusted." These words should receive a reasonable construction, in accordance with the intent of the act and the principles of law. The general purpose of the statute is to provide for the administration of the assets of a corporation dissolved by judgment of ouster, without the necessity of a separate proceeding as required by the act of 1872. The first section is not retroactive; and the second is only intended to make it so to the extent of providing for cases otherwise without remedy except the doubtful one under the act of 1872. It does not in terms cover cases already in other courts, and an intent to do so will not be presumed. Few evils can befall any judicial system greater than conflicts of jurisdiction among its courts. The law-abiding sense of our people, the greatest safeguard of our institutions, rests upon their just confidence that the decisions of their courts are right, and that for occasional and accidental errors there is due, orderly and legal remedy. A conflict between courts, as to jurisdiction over persons or property, strikes at the root of such public confidence, besides subjecting the individual suitor to the serious danger of disobedience of conflicting orders. From the scandals of such conflicts our system has been happily free, but the experience of some of our neighboring states, warns us to watch closely for the first signs of danger. The purpose of the second section as already said was to provide a remedy where none already existed, and in accordance with this purpose it was not made applicable to cases where the affairs of the corporation have been settled and adjusted. The legislative intent was clearly to prevent the reopening of cases once settled, and the avoidance of possible conflicts of adjudication in the same matters. This object equally requires the exclusion, from the operation of the act, of cases already in course of adjudication by a competent court. The same evils would arise from including them, the same legislative purpose requires them to be excluded; and the reasonable construction of the words " the affairs of which have not been settled and adjusted " is that they apply to and include cases in course of settlement by a court of competent jurisdiction. This construction avoids all possibility of conflict, and secures the regular and orderly administration of justice in accordance with the general intent of the statute.

In the present case the assignment to the appellant was made

and recorded, the court of common pleas No. 4 of Philadelphia had appointed appraisers and approved surety, and the appellant had given bond and entered on the performance of his duties, all before the commencement of the proceedings upon the quo warranto. There was nothing which the receiver or the court appointing him could do, which could not be equally well done, if not done already, by the assignee and the court having control over him. It was clearly a case to which the act of 1893 was not meant to apply.

Though this case is not within the statute, yet the proceedings involved in appeal No. 36 make it proper to say that even in future cases, to which the act will apply, the direction that the receiver "shall be held to supersede an assignee of the corporation in possession" will not authorize the court appointing the receiver to make summary orders upon an assignee who is under the jurisdiction of another court. Rights have been acquired and obligations assumed, by the assignee, the surety, and the creditors, in accordance with law, and the parties are entitled to have them settled in the tribunal under whose jurisdiction they attached. The receiver must go into that court for an account and order to turn over the property to the assignee.

It was intimated at the argument that there was a misunderstanding, if not a breach of agreement, by the officers of the corporation, as to the making of the assignment, and the appointment of counsel to direct its management. With that we have nothing to do. If there are any grounds to vacate the assignment, or remove the assignee, they must be presented to the court which has obtained jurisdiction over both. The assignee is entitled to select his own counsel; and if other parties are not satisfied that their interests are being properly cared for, they must employ their own counsel as in other cases. The court will see that the assignee does his duty according to law, and as the responsibility is upon him, he is entitled to his own adviser in whom he has confidence.

The decree of Feb. 23, 1893, appointing a receiver, and all subsequent orders, are reversed and vacated for want of jurisdiction.