Fraternal Guardians' Assigned Estate.    Tull's Appeal.

*Receiver—Quo warranto—Parties—Commonwealth.*

The court of common pleas had no jurisdiction to appoint a receiver on motion of the commonwealth in quo warranto proceedings against a corporation, before the act of April 26, 1893.

*Appeal—Costs—Receiver.*

Where in such a case a receiver was appointed, and before the Supreme Court passed upon the validity of his appointment, he appealed from the order of another court of common pleas refusing to award to him the estate of the corporation, the receiver is not liable for the costs of the appea..

Submitted Jan. 12, 1894.    Appeal, No. 465, Jan. T., 1893, by Joseph L. Tull, receiver, from order of C. P. No. 1, Phila. Co., Sept. T., 1892, No. 331, dismissing exceptions to auditor's report distributing assigned estate of the Order of Fraternal Guardians.    Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.

Exceptions to auditor's report.

From the record it appeared that the Order of Fraternal Guardians was chartered Dec. 1, 1888, by Court of Common Pleas No. 3, of Philadelphia county. On May 9, 1892, the commonwealth, upon the suggestion of the attorney general, issued out of the Common Pleas of Dauphin county as of June Term, 1892, No. 500, a writ of quo warranto against the order to oust the corporation from the exercise of its corporate

franchises.   Pending these proceedings, the said order, by deed of assignment on Sept. 30, 1892, assigned for the benefit of creditors to Joseph L. Tull, Esq.   On November 19, 1892, the assignee filed his first and partial account in said assigned estate, which was duly referred to J. F. Hartmann, Esq., as auditor [the preceding case].

Pending the audit, on Jan. 25, 1893, in the quo warranto proceedings, judgment of ouster was entered and Joseph L. Tull appointed receiver by the Common Pleas of Dauphin county.   On Jan. 30, 1893, his bond as receiver was approved and filed.   On Feb. 10, 1893, the receiver appeared before the auditor, and requested that the balance, after payment of expenses, etc., be awarded to him.   This the auditor refused to do, whereupon an exception was filed by the receiver to this action of the auditor, which was dismissed by the court.

*Error assigned* was dismissal of exception, quoting it.

*James M. Beck* and *F. Carroll Brewster*, for appellants.

OPINION BY MR. JUSTICE MITCHELL, February 12, 1894:

The Order of Fraternal Guardians was incorporated in 1888, by a decree of the Court of Common Pleas No. 3 of Philadelphia, as a beneficial and protective association under the act of April 29, 1874, and apparently did a large business until 1892, when it got into difficulties, and in September of that year made an assignment for the benefit of its creditors.   The assignee proceeded diligently to liquidate the assets, and on November 19th of the same year filed his account, showing the fund for distribution which is now before the court.

Prior to the assignment however, in May, 1892, the commonwealth, through the attorney general, instituted proceedings by quo warranto in the Common Pleas of Dauphin county, which resulted, on January 25, 1893, in a judgment of ouster, and on the same day the appellant was appointed by the same court as receiver.   The sole question now before us is whether the fund in court should be awarded to the receiver for him to distribute to the creditors and members of the association.   The auditor refused to so award it, and in this he was clearly right. The case is not distinguishable in principle from Com. v. Order

of Vesta, 156 Pa. 531.  The Common Pleas of Dauphin county
as shown in that case had no jurisdiction to appoint a receiver
in the quo warranto proceedings on the motion of the common-
wealth, and the appellant therefore was without authority, as
such receiver, to take the fund.

The present appeal was taken before the announcement of
our decision in Com. v. Vesta, and as the appellant was respon-
sible to the court which appointed him, he was justified in hav-
ing the law definitely settled before giving up the apparent
duties of his trust.   He should not therefore be burdened with
the costs of this appeal.

Appeal dismissed.   Costs to be paid out of the funds of the
assigned estate.