## Commonwealth v. Simon et al.

*Prohibition enforcement — Preliminary injunctions—Padlocking orders—Act of March 27, 1923.*

1. A padlocking order cannot be issued in a preliminary injunction.

2. Under section 7 of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, power to issue such an order is limited to final hearing and, under the general principles of equity jurisprudence, it should not, and cannot, be issued on a preliminary hearing.

3. Any place where intoxicating liquors are manufactured, sold, furnished or possessed in violation, of the act, is a common nuisance, and under section 7 a preliminary injunction may be issued restraining the tenant or owner from conducting or permitting the continuance of the nuisance until the conclusion of the proceedings, and from removing or in any way interfering with the intoxicating liquor or other things used in connection with the maintenance of the nuisance.

Application for preliminary injunction. C. P. No. 2, Phila. Co., March T., 1925, No. 13035.

*Jos. P. Gaffney*, City Solicitor, and *Edwin M. Abbott*, for Commonwealth.

*William A. Gray*, for defendant.

GORDON, JR., J., May 21, 1925.—This is a bill in equity, brought under section 7 of the Act of March 27, 1923, P. L. 34, commonly known as the Snyder Act, which declares any place where intoxicating liquor is manufactured, sold, furnished or possessed in violation of the act to be a common nuisance, and authorizes the bringing of an action in equity to abate it.

The case is before us on an application for a preliminary injunction, and, upon the evidence presented, we find that a nuisance exists, and has existed, on the premises in question for a long period of time. A temporary or preliminary injunction should, therefore, be granted, and the only matter requiring discussion is the extent and nature of the decree which shall be entered. The complainant asks that a temporary injunction be issued restraining the defendants: First, from conducting or permitting the continuance of the nuisance until the conclusion of the proceedings; second, from removing or in any way interfering with the intoxicating liquor or other things used in connection with the maintenance of the nuisance; and, third, that the building in which the nuisance is maintained shall not be occupied or used in any manner during the continuance of the injunction and until final hearing of the case.

We are satisfied of our power under the seventh section of the act to issue a preliminary injunction in accordance with the first and second requests of the complainant. With respect to the complainant's third request, that we also direct that the property in question shall not be occupied or used for any purpose until final hearing, the defendant contends that our power to issue such an order is limited by the act to final hearing, and that, under the general principles of equity jurisprudence, it should not and cannot be issued on preliminary hearing.

With this contention we agree. Considering first the provisions of the Act of 1923 itself, we are satisfied, after a careful reading of section 7, that the so-called padlocking feature of equitable relief therein provided was not intended by the legislature to be applied before final hearing, and that a fair and reasonable construction of the language of that section so restricts our power to issue such an order. After defining the persons at whose suit a bill in equity to abate such a nuisance may be maintained, that section provides as follows:

Commonwealth *v.* Simon et al.

"If it is made to appear by affidavit, or otherwise, to the satisfaction of the court that such nuisance exists, a temporary writ of injunction shall forthwith issue, restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the proceedings. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the intoxicating liquor or other things used in connection with the violation of this act constituting such nuisance. No bond shall be required in instituting such proceedings. It shall not be necessary for the court to find the property involved was being unlawfully used, as aforesaid, at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no intoxicating liquor shall be manufactured, sold . . . or possessed in such room, house, building, . . . place or any part thereof. Upon the decree of the court ordering such nuisance to be abated, the court may, upon proper cause shown, order that the room, house, building . . . or place shall not be occupied or used for one year thereafter." (Then follows an alternative provision allowing the owner, lessee, tenant or occupier of the premises to continue the use thereof upon giving bond that the nuisance will not be maintained and continued on the premises.)

It will be observed that this section carefully defines and restricts the nature and scope of the temporary injunction to be issued, for the enumeration of specified powers excludes others which are not conferred expressly or by necessary implication. *Expressio unius est exclusio alterius.* This rule is particularly applicable to powers and procedural remedies which are, as in the present case, exclusively of statutory origin. The unlawful traffic in intoxicating liquor is a nuisance, to abate which equity has jurisdiction only because it is made such and the jurisdiction conferred by the Act of 1923. Acts which are merely criminal, equity is without jurisdiction to enjoin. We are, therefore, limited to the exercise of powers conferred, and can issue injunctions only when and as the statute authorizes us to do so. Bearing these principles in mind, it will be noted that that part of section 7 of the act which authorizes the issuing of temporary injunctions provides that, when issued, they shall restrain "the defendant from conducting or permitting the continuance of the nuisance," and "from removing or in any way interfering with the intoxicating liquor or other things used in connection therewith" until the conclusion of the proceeding. No power to forbid other and lawful use of his property by a defendant is here conferred. The grant of that power is withheld until the abatement of the nuisance is directed, when the act provides that: "Upon the decree of the court ordering such nuisance to be abated, the court may, upon proper cause shown, order that" the property in question "shall not be occupied or used for one year thereafter."

Thus the act carefully distinguishes between the kinds of relief which may be granted preliminarily and finally. The highly penal character of the padlocking power, its careful restriction on the one hand to the part of the act dealing with the final abatement of the nuisance, and, on the other, its significant omission from the part which regulates the issuing of preliminary injunctions, all clearly indicate the legislative intent that it shall be exercised only in connection with final relief.

We cannot agree with the contention of the complainant that the case of Com. *v.* Katz, 281 Pa. 287, is authority for the issuance of a padlock order in a preliminary injunction. In that case the court below entered a decree, in the last paragraph of which it directed that the building should not be occupied or used for one year, and on the following day entered a decree modifying

Commonwealth *v.* Simon et al.

the decree already entered by directing that it should continue in effect as a preliminary injunction. This the Supreme Court held, in a *per curiam* opinion, "superseded the one-year order." The case, therefore, does not appear to be an authority for the point contended for by the complainant.

Apart, however, from the considerations of statutory interpretation which we have first discussed, and which lead us to the conclusion that a padlocking order cannot be issued in a preliminary injunction, the general principles governing the application of equitable relief would prevent us from so issuing it. The fundamental difference between the nature of preliminary and final relief is clearly marked and well settled by the authorities. The sole object of a preliminary injunction is to preserve the *status quo* and not to destroy it: Farmers' R. R. Co. *v.* Reno, Oil Creek & Pithole Ry. Co., 53 Pa. 224; Schlecht's Appeal, 60 Pa. 172; Kutz *v.* Hepler, 3 Foster, 54; Newhart *v.* Sampsel, 2 Dist. R. 647; Chester Traction Co. *v.* Phila., W. & B. R. R. Co., 174 Pa. 284. It is granted before the chancellor has had an opportunity to fully hear and determine the issues of fact in the case. Its function is cautionary, and the considerations which operate to frame it are in no true sense remedial. These are well stated in the section of Corpus Juris which deals with this subject, 32 Corpus Juris, 20, as follows:

"An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, merely to prevent a further perpetration of wrong or the doing of any act whereby the right in controversy may be materially injured or endangered, until a full and deliberate investigation of the case is afforded to the party. This is so whether the injunction is prohibitory or mandatory. Distinguished characteristics of injunctions of this class are that they do not conclude the rights of the parties, and that their issuance is not dependent on a hearing on the merits. But the court will interfere to preserve the property in *statu quo* during the pendency of a suit in which the rights to it are to be decided; and that without expressing, and often without having the means of forming, any opinion as to such rights. It is true that the court will not so interfere if it thinks that there is no real question between the parties; but, seeing that there is a substantial question to be decided, it will preserve the property until such question can be disposed of. The *status quo* which will be preserved by a preliminary injunction is the last, actual, peaceable, noncontested status which preceded the pending controversy. Ordinarily, where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted."

The padlocking order which the complainant asks us to enter at this time goes further than the suppression of the nuisance during the pendency of the proceedings. Not only would it prevent the owner or tenant from using his property for the unlawful purpose complained of, but it would also forbid him to use it for a lawful and proper purpose; and this during an indefinite period, which might even, if the litigation were protracted, extend beyond the year designated in the act. This remedy, which is additional to and different from the ordinary and usual equitable remedies for abating nuisances, and which summarily and punitively deprives a defendant of all lawful use and enjoyment of his property, is highly penal in character, and, unless carefully applied, might easily become an instrument for the working of inequity and oppression. To issue such an order before a full and final hearing of both sides would not preserve the *status quo,* but rather would disturb it. It would

Commonwealth *v.* Simon et al.

impose a penalty upon an owner or tenant at a time when he has not yet been completely heard, and might well result in the unjust infliction of irreparable injury. Such an order is repugnant to those considerations which require courts of equity to refrain from depriving parties of their rights in advance of a full hearing and adequate deliberation on the evidence.

We, therefore, conclude that the power to issue an order closing the defendant's property at this time is neither conferred by the Act of 1923, nor is to be found in the general equitable principles governing the granting of preliminary relief. Counsel will, therefore, prepare and submit a form of decree for preliminary injunction to be entered in conformity with this opinion.