## MOORE et al. v. HARTFORD ACCIDENT & INDEMNITY CO.

No. 22134. Jan. 22, 1935.

E. F. Cadwell, for plaintiffs in error.

Mason, Williams & French and W. E. Robertson, for defendant in error.

PER CURIAM. The material facts of this case are as follows: Albert Pickens was appointed receiver in the case of Smart v. Doolittle et al. in the district court of Tulsa county. He gave the usual receiver's bond with the defendant herein as surety. Pickens in his official capacity as receiver, and acting under instructions from the district court, filed suit in the court of common pleas of Tulsa county against Nellie M. Moore, J. Herbert Moore, and C. A. Moore to recover rent on an apartment which was part of the property under receivership. He obtained a judgment against Nellie M. Moore for the rent, but C. A. Moore obtained a judgment on her counterclaim against Pickens as receiver for $630 for wrongful attachment of her furniture, and J. Herbert Moore obtained a judgment against Pickens as receiver for $100 for certain repairs which he had made to the receivership. He obtained a judgment against his final report showing the judgment of plaintiffs herein against the receivership property, and, although the judgments were approved as claims, they were never paid for the reason that the receiver, according to his report, had no funds with which to pay them. The receiver was discharged, and the plaintiffs seek to enforce their judg-ments against defendant as surety on the receiver's bond.

The defendant demurred to the petition on the ground that it did not state a cause of action. The trial judge sustained the demurrer, and plaintiffs appeal. The parties appear here as they did in the trial court.

The sole question to be determined in this case is: Does the petition state a cause of action?

To answer this question, it is necessary to determine what, if any, conditions precedent are necessary before suit can be brought against the surety on the receiver's bond. 34 Cyc. 508, holds:

"Before any resort can be had to the sureties on a receiver's bond, all remedies available against the receiver must be exhausted. Therefore, as a rule, the liabilities of the sureties on a receiver's bond cannot be enforced until a default has been ascertained, on the final settlement of the receiver's accounts, and there has been a decree establishing the inability of the receiver to pay."

In the case of State ex rel. v. Germania Bank, 103 Minn. 129, 114 N. W. 651, the court held:

"It is elementary that the court appointing a receiver or assignee in insolvency proceedings has and retains exclusive jurisdiction over the proceedings and the receiver or assignee for all purposes, settling and adjusting, in the same proceeding, all conflicting interests, all controversies and all matters arising out of or connected with the trust, all questions respecting the accounts of the receiver, allowances for his compensation, the compensation of his attorneys, agents and necessary clerks. No other tribunal has concurrent or other jurisdiction to order or interfere with the receiver in any way in the conduct of the office or to settle or adjust his account. High on Receivers, 48; 28 Am. & Eng. Ency. Law 1061; Conkling v. Butler, 4 Biss. (U. S.) 22, Fed. Cas. No. 3100; Smith on Receivers, 593; Beverly v. Brooke, 4 Grat. (Va.) 187. This exclusive authority and jurisdiction includes the surcharging of the receiver's accounts for losses incurred through his mismanagement or negligence, and should in the orderly course of procedure be heard and determined in the receivership proceedings and by the court initiating and having jurisdiction of the same. Otherwise, there would arise conflicts of authority between different tribunals assuming to act, and confusion in the adjudication affecting the rights and liabilities of interested parties would inevitably follow. Therefore, the court first entertaining the proceeding by the appointment of a

receiver must retain and continue its jurisdiction until the estate is finally closed by the settlement of the receiver's final account and his discharge. The settlement of the account includes all objections made thereto by creditors, all questions of bad faith, negligence and mismanagement by the receiver, and should be determined on the final hearing. Minneapolis Trust Co. v. Menage, 73 Minn. 441, 76 N. W. 195; In re Angell, 131 Mich. 345, 91 N. W. 611; In re Cornell, 110 N. Y. 351, 18 N. E. 142; State v. Gibson, 21 Ark. 140. * * *

"The sureties on this obligation are liable only in case the principal fails or refuses faithfully to execute his trust and abide by all orders of the court. Before suit can be brought against them the liability of the receiver must be determined on final settlement of his accounts by the court having jurisdiction of the proceedings, or as expressed by Smith on Receivers, 77: 'necessary prerequisite to a suit on a receiver's bond is an order of the court that the receiver render his accounts or a rule to pay over any balance shown by an account rendered and a default by him.' The regular course of procedure, say the authorities, is to proceed against the receiver in the first instance, and if he shall fail to comply with the order of the court, then obtain leave to sue on the bond. State v. Gibson, 21 Ark. 140; Atkinson v. Smith, 89 N. C. 72; Bank v. Creditors, 86 N. C. 323. * * * The case is analogous to those involving the administration of estates of deceased persons in which no action against the administrator can be maintained until final decree of probate court. Huntsman v. Hooper, 32 Minn. 163, 20 N. W. 127."

In this case, the district court which appointed the receiver approved his report and discharged the receiver. The receiver had no funds with which to pay the judgments against him as receiver. The Supreme Court of the United States, in the case of McNulta v. Lockridge, 141 U. S. 327, 35 L. Ed. 796, held:

"Actions against a receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences, and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands."

The receiver not being liable, neither would his surety be liable.

The plaintiffs contend that under section 893, C. O. S. 1921, being section 95, O. S. 1931, a receiver in an action to foreclose a mortgage is an "officer" within the meaning of that section of the statute, and that under that section of the statute this action can be maintained against the surety on the receiver's bond. This question has not been decided in this state, but the weight of authority in other states is that a receiver is not an "officer." See Commonwealth v. Order of Vesta, 156 Pa. 531, 27 Atl. 14; State of Iowa v. Rivers, 60 Iowa, 381, 13 N. W. 73; Stevens v. Larwill, 110 Mo. App. 140, 84 S. W. 113.

We, therefore, conclude that the petition fails to state a cause of action, and the action of the trial court in sustaining the demurrer of the defendant to the petition of plaintiffs is affirmed.

The Supreme Court acknowledges the aid of District Judge F. Hiner Dale, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by this court.